IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-11486-DCC-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Hunter Blouin, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction (doc. 25). The plaintiff, a pretrial detainee at the Greenville County Detention Center ("the Detention Center") proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief from the defendant (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

The plaintiff's complaint was entered on the docket on August 25, 2025 (doc. 1). The plaintiff's complaint contends that his rights have been violated by the defendant, who was appointed to represent him in his pending criminal matters, because the defendant is corrupt (*see* doc. 1). On January 5, 2026, the plaintiff filed a motion for a preliminary injunction (doc. 25). In the motion, the plaintiff seeks immediate release from the Detention Center because he was assaulted by another detainee on December 15, 2025, and submitted an incident report regarding the attack (*id*. at 1). The plaintiff has requested multiple times to be released to the home incarceration program ("HIP") but has been told to petition the courts for that relief (*id*.). The Court is complicit in the plaintiff's assaults because his cases have been denied (*id*. at 2). The plaintiff also seeks immediate release

because he has a foreign body in his eyes and the Detention Center does not give him eye care and will not send him to his personal ophthalmologist (*id*.). As addressed below, the undersigned recommends that the plaintiff's motion be denied.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

Here, the motion should be denied because the plaintiff has not shown that he is likely to succeed on the merits of his claims. First, the majority of the claims asserted in the plaintiff's complaint are not related to those asserted in his motion (*compare* doc. 1 *with* doc. 25). *See De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945) (recognizing that an injunction should not issue if it "deals with a matter lying wholly outside the issues in the suit."); *Brooks v. Zorn*, C/A No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (recognizing that a motion for injunctive relief must involve a relationship between the injury claimed in the motion and the conduct asserted in the

complaint (internal citations omitted)). Accordingly, because the plaintiff's claims in his motion are unrelated to those asserted in his complaint, his motion should be denied.

Even aside from the foregoing, the plaintiff's motion should also be denied because the plaintiff's requested relief may not be provided in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973))). Further, to the extent the plaintiff seeks an order requiring the Detention Center to take him to his ophthalmologist for medical treatment, such a request cannot be granted because "federal courts do not sit to supervise state prisons." *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). In light of the foregoing, the plaintiff has not shown that he is likely to succeed on the merits of his claims for purposes of his motion for a preliminary injunction. Accordingly, the undersigned recommends that the plaintiff's motion for a preliminary injunction be denied.

## RECOMMENDATION

Based upon the foregoing, the plaintiff's motion for a preliminary injunction (doc. 25) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

January 9, 2026
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).